AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America <br> v. <br><br> RODNEY SCOTT BARKALOW <br><br> *Defendant(s)* | ) ) ) ) ) ) ) Case No. **1:22-MJ-735-ML** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 22, 2021__ in the county of __Travis__ in the
__Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A | Possession of Child Pornography |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

JASON WILSON, Special Agent, FBI
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☑ Sworn to telephonically and signed electronically.

Date: August 29, 2022

_____
*Judge's signature*

City and state: Austin, Texas
MARK LANE, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § <br> Plaintiff. § <br> § <br> v. § <br> § <br> **RODNEY SCOTT BARKALOW,** § <br> Defendant. § | CRIMINAL NO. **1:22-MJ-735-ML** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jason Wilson, being duly sworn, state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) assigned to the Austin Resident Agency of the San Antonio Field Office. I have been employed as an FBI Special Agent since 2004. Since October 2018, I have been assigned to the FBI's Innocent Images National Initiative ("National Initiative"), which investigates individuals suspected of being involved in the online sexual exploitation of children. I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as a Special Agent assigned to the National Initiative, investigated violations relating to child exploitation and child pornography, including violations of Title 18, United States Code, Sections 2252 and 2252A. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§ 2252 and 2252A, and I am authorized by the United States Attorney General to request an arrest warrant.

2. This affidavit is submitted in support of a criminal complaint against Defendant RODNEY SCOTT BARKALOW, year of birth 1984, for violation of Title 18, United States Code, Section 2252A.

3. Title 18, United States Code, Section 2252A states, in relevant part:

(a) Any person who—

    (1) knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography;

    (2) knowingly receives or distributes—

        (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

        (B) any material that contains child pornography that has been mailed, or using any means or facility or interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

    (3) knowingly—

        (A) reproduces any child pornography for distribution through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; or

        (B) advertises, promotes, presents, distributes, or solicits through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—

            (i) an obscene visual depiction of a minor engaging in sexually explicit conduct; or

            (ii) a visual depiction of an actual minor engaging in sexually explicit conduct;

\* \* \* \* \* \*

(5) either—

    (A) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including computer;

(6) knowingly distributes, offers, sends, or provides to a minor any visual depiction, including any photograph, film, video, picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, where such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct—

    (A) that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

    (B) that was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or

    (C) which distribution, offer, sending, or provision is accomplished using the mails or any means or facility of interstate or foreign commerce, for purposes of inducting or persuading a minor to participate in any activity that is illegal;

shall be punished as provided in subsection (b).

4. This affidavit is based on my personal knowledge as well as reports made by other FBI agents and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of the Complaint, it does not contain every fact known to me or other FBI agents.

## FACTS

5. On or about June 10, 2013, Defendant RODNEY SCOTT BARKALOW was convicted of the felony offenses of Distribution of Child Pornography and Possession of Child Pornography in Cause No. A-13-CR-142 LY, in this Court. He was sentenced to a total term of imprisonment of 120 months, and a total term of supervised release of 15 years to be served upon release from imprisonment.

6. On or about May 05, 2020, Defendant signed a "Resident Behavior Contract" with the Bureau of Prisons. This contract was intended to apply to Defendant's anticipated reassignment to a halfway house to complete the remaining term of his imprisonment. The contract states in part: "Due to my conviction for a crime which falls in the category of a sex offense and/or Bureau of Prisons Public Safety Factor of Sex Offender, I understand that additional security and accountability measures nay be imposed on me while a resident of a facility that falls under the operational control of the Bureau of Prisons."

7. The Resident Behavior Contract describes several items that are considered contraband for all identified inmates, because they are associated with sexual risk factors (i.e., have the potential to contribute to future sexual offending), including, but not limited to, the following items:

    a. Any type of pornographic or sexually explicit materials such as photographs, drawings, and written materials;

    b. Any photograph or "cut-out" from any publication of a nude or partially nude adult or child;

    c. Pictures/drawings of nude or partially nude adults and/or children;

    d. Any sexual apparatus or paraphernalia;

    e. Any publication or photograph depicting physical abuse or sexual abuse;

    f. Any obvious collection of photographs, pictures, or drawings depicting any

individuals in sexually explicit or suggestive poses or situations; to include publications whose primary focus is the display of children for any purpose.

8. The Resident Behavior Contract contains an acknowledgement by Defendant BARKALOW that "I understand that failure to abide by the additional conditions stated above or the rules and regulations of the facility and the Federal Bureau of Prisons may result in disciplinary action."

9. On or about January 29, 2021, while serving his term of imprisonment, Defendant was assigned by the Federal Bureau of Prisons (BOP) to reside at Austin Residential Reentry Center (ARCC), 3154 E. State Hwy 71, Del Valle, Texas, a halfway house located in the Western District of Texas, as his designated place of imprisonment to serve the remaining months of his sentence of imprisonment.

10. According to the ARCC's facility director, Robert Garcia, upon being transferred to the ARCC, Defendant was informed that the terms of his Judgment and Commitment dated June 10, 2013, in the aforementioned criminal case would be enforced while Defendant resided at the ARCC. These terms and conditions included a special condition that Defendant does not possess sexually stimulating or sexually oriented materials to include pornographic media.

11. On or about January 30, 2021, Defendant initialed and signed a document entitled "Request/Agreement for Authorization of a Cell Phone" that he submitted to ARCC to possess and use a cell phone. The document addressed Defendant's possession and use of one cell phone, not more than one cell phone. Defendant read, acknowledged, agreed to, and initialed the conditions set forth in the document, including the following:

    a. That he could not use a cell phone until approval for the phone is given by ARCC staff;

    b. That nude or pornographic photographs or texts of a sexual nature will not

be tolerated or permitted;

       c.    That ARCC staff can review or search the authorized cell phone at any time and that there is not an expectation of privacy with regard to Defendant's possession or use of the cell phone until his release from ARCC;

       d.    That Defendant cannot lend or borrow cell phones to or from other ARCC residents, and that Defendant cannot not change the cell phone or phone number without resubmitting another request form and receiving ARCC staff approval.

12. On or about May 22, 2021, upon reentering the ARCC facility after an approved absence, Defendant was lawfully searched and found to possess two mobile phones, only one of which had been authorized and approved by ARCC via the written agreement set forth in paragraph 8 above. The unauthorized phone was a mobile phone with internet capability and was found in his backpack (hereinafter the "Unauthorized Phone"). Defendant, upon being asked, provided ARCC staff member Everett Tolbert with the passcode for the Unauthorized Phone so that it could be reviewed.

13. Tolbert reviewed the Unauthorized Phone and found what he believed to be images of child pornography stored on the phone. Tolbert described viewing the following image on the Unauthorized Phone: an image depicting a pre-pubescent female child approximately 5-6 years of age, engaging in genital-genital sexual intercourse with an adult male, in which the child appears to be nude with her legs behind her head, exposing her vagina, and the adult male's penis is penetrating her vagina.

14. On or about May 23, 2021, Robert Garcia, the facility manager for the ARCC, reviewed the content of the Unauthorized Phone and found what he believed to be images and videos of child pornography. Garcia stated the images and videos appeared to be of nude minor

females between the ages of 5 and mid-teens performing sex acts. Garcia described viewing the following two images on the Unauthorized Phone:

    a.    Image 1 depicted a pre-pubescent female child, who appears to be about 9-10 years of age, engaging in lascivious exhibition of the genitals. The child is nude lying on a bed. An adult male is observed standing over the child with his erect bare penis.

    b.    Image 2 depicted a pre-pubescent female child about 11-12 years of age completely nude engaging in sadistic or masochistic abuse and lascivious exhibition of the genitals. The child is squatting on an object which appears to be a bottle. The bottle appears to be penetrating the child's sex organs.

15.    Upon viewing the images and videos stored on the Unauthorized Phone, Garcia locked the device in his office and contacted BOP concerning the Unauthorized Phone as Defendant was on notice that he was not authorized to possess an unapproved phone and was not authorized to possess pornographic media on any phone.

16.    On or about May 24, 2021, Garcia was in contact with the Austin Police Department (APD) concerning the content of the Unauthorized Phone. As Garcia was not in the office at the time he was contacted by APD, APD was unable to take possession of the Unauthorized Phone and it remained locked in Garcia's office until the next day.

17.    On or about May 25, 2021, Officer Douglas Broadwater with the APD took possession of the Unauthorized Phone from the ARCC. The Unauthorized Phone is described as a LG Trac cellular telephone displaying serial number GPLGL322DCG32BZNFL322DL. Affixed to the phone was a Post-It note containing the phone's password. The phone was placed in airplane mode by APD and then transported and submitted to APD evidence for storage.

18.    On or about August 04, 2021, a Travis County, Texas, district judge issued a search

warrant for the Unauthorized Phone. In executing the search warrant, APD created a forensic image of the Unauthorized Phone. Upon searching the image of the phone, APD found it contained child pornography.

19. On or about January 27, 2022, the FBI was made aware of the facts surrounding Defendant Barkalow's possession of child pornography at the ARCC. The Unauthorized Phone, a forensic image of the phone, and a copy of APD's report were transferred to the FBI for further investigation.

20. On or about February 27, 2022, I reviewed the evidence provided by APD and found that the Unauthorized Phone contained child pornography. I found child pornography depicting minors ranging in age from 2-3 years old up to 15-16 years old. The child pornography was primarily in image format and depicted adults and minors engaging in genital-genital, anal-genital, and oral-genital sexual intercourse, bondage, and rape with minors. NCMEC later NCMEC identified 36 image files of child pornography that depicted known minor victims.

## CONCLUSION

21. Based on the foregoing, there is probable cause to believe that Defendant RODNEY SCOTT BARKALOW has committed the offense(s) set forth in the attached Criminal Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
JASON WILSON
Special Agent
Federal Bureau of Investigation
Austin, Texas

Sworn to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure on this __29th__ day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE